UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

THE UNITED STATES OF AMERICA,

      - against -
                                        **MEMORANDUM AND ORDER**

RAFAEL PAULINO,
                                  18 Cr. 173-2 (NRB)
             Defendant.

------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      Presently before the Court is defendant Rafael Paulino's ("Paulino") motion for a sentence reduction. See ECF No. 197 ("Mot."). Rafael Paulino is a citizen of the Dominican Republic who is currently serving a 151-month prison sentence after pleading guilty to participating in a massive narcotics conspiracy involving the trafficking and distribution of over 90 kilograms of heroin and 400 grams of fentanyl. See ECF No. 135 ("Judgment") at 1-2. Notably, this is Paulino's second narcotics conviction. In 2009, he was convicted of narcotics conspiracy and was deported to the Dominican Republic after serving one year in state prison. See ECF No. 92 ("PSR") at 7, 14. Paulino returned to the United States -- illegally -- before engaging in the criminal conduct that resulted in his current incarceration. ECF No. 107 ("Govt Submission") at 1. After the conclusion of

his current prison term in 2028,[1] Paulino again faces deportation.  PSR at 15.

Paulino's motion for a sentence reduction asserts three arguments.[2]  First, he suggests that "there was an issue" surrounding the calculation of his sentencing guidelines.  Mot. at 2-3.  Second, Paulino claims that he has been deliberately deprived of time credit ("FTC"), see 18 U.S.C. 3632, under the First Step Act of 2018 ("FSA"), which he asserts has delayed his release and likely deportation, see Mot. at 3.  Third, Paulino cites various facts he believes to constitute extraordinary and compelling circumstances for a sentence reduction.  Id. at 4.

**A. Paulino's Argument Regarding his Sentencing Guidelines**

Without pointing to any evidence in the record, Paulino suggests that the Court improperly increased his Guidelines range from 97-121 months or 121-151 months to 151-181 months.[3]  Mot.

---

[1]     Assuming Paulino does not lose any good conduct time due to a disciplinary infraction(s), he will be released on December 15, 2028.  See Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp (visited May 14, 2025).

[2]     Since Paulino brings this motion pro se -- with his papers apparently written by a fellow inmate -- we construe his arguments liberally, interpreting them as raising the strongest arguments they suggest.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.") (citation and internal marks omitted).

[3]     By Paulino's calculations, "[h]e is a Category I" offender and, having committed "a Level 30" offense, his guidelines range should have been 97-121 months.  Mot. at 3.  Paulino also claims that, since "the Court increased his

at 3. The Court did no such thing. Rather, Paulino entered into a plea agreement with a "stipulated guidelines range of [] 151 to 188 months" based on a total offense level of 33 with a criminal history category of II.[4] See ECF No. 83 ("Plea Trans.") at 9:5-9. The Probation Department independently calculated the same range of 151-188 months. See PSR at 3, 14. Based on this range, the Court sentenced Paulino to the bottom of the Guidelines. See Judgment at 2. Furthermore, the Court is unaware of any retroactive changes to the Guidelines that would affect the applicable Guidelines calculation.

**B. Paulino's FSA Time Credits Argument**

Paulino's motion also claims that the Bureau of Prisons ("BOP") has been denying him FSA credits based on a mistaken belief that a final order of removal has been issued for the

---

level to 32," the imputed guidelines range should have been 121-151 months. Id. It is not clear which range Paulino asserts should have governed his sentencing. However, neither range is correct based on Paulino's criminal profile.

[4]   As the Government explained: "In the plea agreement, the Government calculated a Guidelines range of 151 to 188 months' imprisonment. Pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(1), the base offense level is 38, because the offense involved a quantity of heroin that was 90 kilograms or more. Because the defendant appears to meet the criteria set forth in subdivisions (1)-(5) of U.S.S.G. § 5C1.2(a), the offense level is reduced by two levels. The offense level is reduced by another three levels because of the defendant's timely acceptance of responsibility, resulting in a total offense level of 33. With a criminal history category of II, the Guidelines Range is 151 to 188 months' imprisonment." See Govt Submission at 2.

defendant. See Mot. at 3. Paulino is simply wrong. His prison records explicitly note that he is "FTC Eligible." See Program Review Plan ("PRP") at 2. In fact, his PRP explicitly directs him to participate in "a Cognitions course and Managing Money class by next program review" so he can "receive maximum benefit" from the FSA and "accrue and apply first step act credits towards [his] release." Id.[5] Therefore, we find no grounds for entertaining Paulino's FSA-based arguments for early release.[6]

### C. Paulino's Compassionate Release Arguments

Paulino also seeks a reduction in sentence based on "extraordinary and compelling reasons." See 18 U.S.C. § 3582(c)(1)(A)(i). There are no such reasons in this case.

First, Paulino suggests that he should be released because

---

[5] If there was a final order of removal issued for Paulino, he would indeed be ineligible for FSA credit. See 18 U.S.C. § 3632(d)(4)(E)(i). Although Paulino's PRP refers to a "final order," given that it also explicitly references his FSA eligibility, the better reading is that any reference to a "final order" in the PRP refers to the defendant's ICE detainer. Further, we note that the Probation Report indicates that there is an ICE detainer on the defendant, not a final order of removal. See PSR at 15.

[6] In addition to wrongfully claiming that he is ineligible for FSA credit, Paulino is also incorrect when he asserts that if he had "received the full FSA," he would have earned "30 months off his sentence." Mot. at 3. The FSA makes clear that "minimum/low risk" prisoners like Paulino, see PRP at 2, can only earn fifteen "days of time credits for every 30 days of successful participation" in qualifying FSA programs, see 18 U.S.C. 3632(d)(4)(A). Thus, for Paulino to have accrued thirty months of FSA credit, he would have had to have been continuously engaged in FSA programs for sixty months. We know this is not the case because Paulino "hasn't completed any classes since arriving at FCI Memphis" in August of 2023. See PRP at 2.

he "has been a model inmate." Mot. at 5. This is neither extraordinary nor compelling, because it is expected that prisoners will behave during their period of incarceration. See United States v. Saleh, No. 93 Crim. 181 (WHP), 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) ("[E]very inmate should strive for a productive institutional record while incarcerated because that is what is expected.").

Second, Paulino asserts that his post-carceral deportation supports compassionate release because it removes any threat he may pose to the community. This argument is absurd because if Paulino's logic were reflected in the law, it would effectively grant illegal aliens who commit crimes in this Country a "get out of jail free" card. Paulino's logic also ignores the key fact that deportation, as "a form of punishment itself," is considered by courts at the time of sentencing, and thus cannot serve as a basis for early release. See United States v. Santos, No. 01 Crim. 537 (ARR), 2022 WL 4325520, at *5 (E.D.N.Y. Sept. 19, 2022).

Finally, Paulino suggests that his personal history and characteristics -- including his limited schooling, poor English skills, impoverished background, etc. -- counsel against continued incarceration. Mot. at 2, 5. This argument fails

-5-

because these facts were already considered by the Court, along with the other 3553(a) factors, at sentencing.

## CONCLUSION

For the reasons stated above, Paulino's motion is denied. Because Paulino has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. See Hoffler v. Bezio, 726 F.3d 144, 152 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1963). The Clerk of the Court is directed to terminate the motion pending at ECF No. 197 and to mail a copy of this decision to Rafael Paulino (No. 85504-054) at Federal Correctional Institution Memphis, P.O. Box 34550, Memphis, TN 38184.

Dated: July 23, 2025
       New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE